IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CA No. 5:17-cv-00098-FL

BRANDON KELLY, on behalf of himself and )
all others similarly situated, )
)
    *Plaintiff*, )
)
          v. )     May 17, 2017
)
HOSPITALITY VENTURES LLC, d/b/a )
UMSTEAD HOTEL AND SPA, NC )
CULINARY VENTURES LLC, d/b/a ÃN )
ASIAN CUISINE, SAS INSTITUTE INC., and )
ANN GOODNIGHT, )
)
    *Defendants*.

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................... 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................... 1

III. ARGUMENT .................................................................................................................. 4

    A. Motions to Amend Are Freely Granted. ................................................................ 4

    B. The Proposed Amendments Satisfy Rule 15. ........................................................ 5

        1. Plaintiff's Proposed Amendments are Neither Prejudicial Nor Submitted in Bad Faith. ........................................................................... 6

        2. Amending Plaintiff's Complaint is Not Futile. ........................................... 7

IV. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Davis v. Piper Aircraft Corp.*
  615 F.2d 606 (4th Cir. 1980) ............................................................................................. 4

*Equal Rights Ctr. v. Niles Bolton Assocs.*
  602 F.3d 597 (4th Cir. 2010) ............................................................................................. 4

*Foman v. Davis*
  371 U.S. 178 (1962) ................................................................................................. 4, 5, 6

*Island Creek Coal Co. v. Lake Shore, Inc.*
  832 F.2d 274 (4th Cir. 1987) ............................................................................................. 4

*Johnson v. Oroweat Foods Co.*
  785 F.2d 503 (4th Cir. 1986) ......................................................................................... 4, 7

*Laber v. Harvey*
  438 F.3d 404 (4th Cir. 2006) ......................................................................................... 4, 6

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*
  46 F.3d 230 (2d Cir. 1995) ................................................................................................ 5

*Shanks v. Forsyth County Park Auth.*
  869 F. Supp. 1231 (M.D.N.C. 1994) ................................................................................. 7

*Steinburg v. Chesterfield Cnty. Planning Comm'n*
  527 F.3d 377 (4th Cir. 2008) ............................................................................................. 4

*Syngenta Crop Prot. v. United States EPA*
  222 F.R.D. 271 (M.D.N.C. 2004) ...................................................................................... 7

*Trejo v. Ryman Hosp. Props.*
  795 F.3d 442 (4th Cir. 2015) ............................................................................................. 2

**Statutes**

29 U.S.C. § 203 .......................................................................................................................... 2

29 U.S.C. § 215 .......................................................................................................................... 2

**Other Authorities**

6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1484 (3d
  ed.) .................................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................. 3, 7

Fed. R. Civ. P. 15 .......................................................................................................... 1, 4, 6

Fed. R. Civ. P. 26 ................................................................................................................ 3

L.R. 15 ................................................................................................................................ 1

L.R. 7.1 ............................................................................................................................... 1

I.  **PRELIMINARY STATEMENT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and Rules 7.1 and 15.1 of the Local Rules, Plaintiff Brandon Kelly ("Plaintiff") respectfully requests that the Court grant leave to allow him to file his First Amended Complaint.[1] The proposed First Amended Complaint simply substitutes Opt-In Plaintiff Wai Man Tom for Brandon Kelly as Named Plaintiff in this matter, and adds allegations, discovered after the filing of Plaintiff's current Complaint, regarding Defendants' failure to provide earned and promised benefits, following the January 30, 2017 closure of ÃN Asian Cuisine, and potentially retaliatory acts. The proposed First Amendment Complaint expands upon the existing claims, by addressing a retaliatory and unpaid benefits claim; because this relates to existing claims under the FLSA and NCWHA, it does not include any new causes of action. Plaintiff requests this change, in light of newly-acquired information, and consistent with his representations to the Court, *see* Dkt. 29 at 23:18-24, to better ensure that the collective and class allegations in this claim are adequately represented, and to progress toward the meritorious resolution of all issues involved in this matter.

As shown below, the proposed amendments are made without undue delay, and granting leave to file the First Amended Complaint in no way prejudices Defendants, because (1) discovery has not yet begun; and (2) no trial date has been scheduled in this matter. Plaintiff's proposed amendments are also neither futile nor submitted in bad faith. Accordingly, no good cause is available to overcome the presumption under Rule 15(a) in favor of granting leave to amend.

II.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 21, 2017, Plaintiff filed his Collective and Class Action Complaint, on behalf

---

[1] A copy of the proposed First Amended Complaint is attached hereto as Ex. A, and a copy of the redlined version of the proposed First Amended Complaint is attached hereto as Ex. B.

1

of himself and others similarly situated (collectively "Named, Opt-In, and Putative Plaintiffs"), against Defendants Hospitality Ventures LLC, NC Culinary Ventures LLC, SAS Institute Inc., and Ann Goodnight (collectively "Defendants"). *See* Dkt. 1. Plaintiff's action was brought pursuant to the FLSA for minimum and overtime wages due, and pursuant to the NCWHA for unpaid owed and promised wages, and misappropriated and/or unlawfully deducted wages. *Id.* ¶¶ 90-126. Plaintiff is also seeking liquidated damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, and all other legal and equitable relief that the Court deems just and proper. *Id.* ¶¶ 104, 113, 126. Additionally, Plaintiff and Opt-In Plaintiff Wai Man Tom brought an individual claim for unlawful retaliation, in violation of 29 U.S.C. § 215. *Id.* ¶¶ 127-134.

Defendants owned and operated a restaurant, ÃN Asian Cuisine, in Cary, North Carolina. *Id.* ¶ 26. Plaintiff worked as a server at Defendants' restaurant, and earned at least one "Employee of the Year Award" throughout the course of his employment. *Id.* ¶¶ 27-28. Named, Opt-In, and Putative Plaintiffs, comprising customarily-tipped employees of the Defendants, including servers, server assistants, runners, and bartenders, are bringing claims largely related to Defendants' misappropriation and improper treatment of their tips/wages. *Id.* ¶¶ 90-126. Specifically, Defendants paid Named, Opt-In, and Putative Plaintiffs a direct hourly wage below the statutory minimum wage rate by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m). *Id.* ¶ 33. In other words, consistent with Fourth Circuit precedent, Defendants utilized the tip credit, thereby treating Named, Opt-In, and Putative Plaintiffs' tips as wages, in an effort to satisfy their statutory minimum wage and overtime obligations. *Id.* ¶ 34; *see also Trejo v. Ryman Hosp. Props.*, 795 F.3d 442, 447 (4th Cir. 2015) ("§ 203(m) permits an employer . . . to take a credit against the minimum wage by using an employees' tips as wages . . . [which] brings the total wage to the federal minimum wage."). Defendants also operated a mandatory tip pool, requiring Named, Opt-

2

In, and Putative Plaintiffs to remit a set percentage of their tips/wages into Defendants' tip pool, which would then be distributed among other employees. *Id.* ¶¶ 37-38.

While customarily-tipped employees were included in Defendants' mandatory tip pool, other, non-customarily-tipped employees, such as sushi chefs, sushi chef helpers, a supervisory/managerial employee, and a purely back-of-the-house employee, were also included. *Id.* ¶¶ 39-51. Accordingly, Defendants operated their mandatory tip pool to use Named, Opt-In, and Putative Plaintiffs' tips/wages to reduce their labor costs and supplement the compensation paid to non-customarily-tipped, supervisory/managerial, and back-of-the-house employees, a clear violation of the FLSA. *Id.* ¶¶ 37, 52.

On March 31, 2017, after filing an Unopposed Motion for Extension of Time, *see* Dkt. 19, Defendants Hospitality Ventures LLC, d/b/a Umstead Hotel and Spa, NC Culinary Ventures LLC, d/b/a Ãn Asian Cuisine, and SAS Institute Inc. filed their answer to Plaintiff's Complaint. *See* Dkt. 20. On the same day, Defendant Ann Goodnight filed a Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 21. Plaintiff filed his Response to Defendant Goodnight's Motion to Dismiss on April 20, 2017. *See* Dkt. 24.

On April 26, 2017, the parties participated in a Rule 26(f) conference, during which counsel for the Defendants informed Plaintiff's counsel of some alarming circumstances. *See* Dkt. 25. Plaintiff's counsel immediately thereafter requested that the Court host a telephonic hearing to enable the parties and the Court to discuss these issues. *See id.* On April 27, 2017, the Court hosted a telephonic hearing, during which, in relevant part, counsel for Plaintiff stated an intention to amend the Complaint to substitute another individual as named plaintiff. *See* Dkt. 29 at 23:18-24. During that hearing, the Court also, upon consent by all parties, extended the deadline for the parties to file a discovery plan to May 23, 2017. *Id.* at 26:3-8.

3

### III. ARGUMENT

#### A. Motions to Amend Are Freely Granted.

Plaintiff's Motion should be granted, as Rule 15 of the Federal Rules of Civil Procedure embodies a liberal amendment policy under which courts have broad discretion to permit amendments. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). While the trial court is given discretion to deny amendment, that discretion is considered with the general policy in the Federal Rules favoring amendment and resolution of cases on their merits. *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987), *rev'd on other grounds*, 884 F.2d 1388 (4th Cir. 1989). The Supreme Court has provided that leave should be granted, unless the party opposing the amendment shows that it is the product of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("We have interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile"). "Delay alone . . . is an insufficient reason to deny [a] motion to amend." *Laber*, 438 F.3d at 427; *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (holding that delay alone is not sufficient reason to deny leave to amend, and delay must be accompanied by prejudice, bad faith, or futility to be sufficient grounds for denial); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) (same); *see generally Rachman Bag Co. v.*

4

*Liberty Mut. Ins. Co.,* 46 F.3d 230, 235 (2d Cir. 1995) ("The Supreme Court has emphasized that amendments should normally be permitted, and has stated that refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules.") (quoting *Foman*, 371 U.S. at 182).

Accordingly, "[i]f no prejudice is found, then leave normally will be granted." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1484 (3d ed.).

### B. **The Proposed Amendments Satisfy Rule 15.**

In this case, Plaintiff's proposed amendments, substituting Opt-In Plaintiff Wai Man Tom as Named Plaintiff, and adding claims based on newly-acquired facts related to Defendants' failure to provide earned and promised benefits, and potential retaliatory acts, should be granted. With respect to substitution of the Named Plaintiff, Plaintiff's decision to amend the Complaint was prompted due to alarming circumstances relating to Defendants' counsel's allegations against Named Plaintiff,[2] and to protect putative Plaintiffs and R.23 class members' interests. Opt-In Plaintiff Wai Man Tom appears better suited to adequately represent the collective and class allegations in this matter. With regards to the additional facts, these facts simply substantiate Plaintiff's current claims, and add related NCWHA claims; they do not add any new causes of action. The impact these amendments would have to the underlying matter is minimal. First, Mr. Tom has already filed a Consent to Sue form with the Court, and is already currently an Opt-In Plaintiff. *See* Dkts. 7, 7-1. Second, Mr. Tom was subject to the same illegal pay practices as Plaintiff, and a vast majority of the facts and allegations in the current Complaint

---

[2]While Defendants' counsel made serious allegations against Named Plaintiff, Plaintiff's counsel's decision to amend the Complaint, to substitute the Named Plaintiff, in no way suggests that such allegations are in fact accurate. Plaintiff's counsel has simply taken measures to protect named, opt-in, and putative Plaintiffs and R.23 class members' interests.

5

remain the same in Plaintiff's proposed First Amended Complaint, because of the striking similarities between the individual plaintiffs. *See generally* Ex. B, Redlined Proposed First Amended Complaint. Third, discovery has yet to begin, and no trial date has been scheduled thus far. Fourth, no new causes of action are presented. Ultimately, and consistent with the Rule 15 legal standard provided above, the Court should grant Plaintiff leave to file the proposed First Amended Complaint, because Defendants cannot show that the proposed amendments are prejudicial, submitted in bad faith, or futile. *See Foman*, 371 U.S. at 182; *Laber*, 438 F.3d at 426.

1. *Plaintiff's Proposed Amendments are Neither Prejudicial Nor Submitted in Bad Faith.*

Plaintiff's proposed amendments to his Complaint are in no way prejudicial to Defendants, nor are they being submitted in bad faith. Indeed, there are no arguments to be made related to prejudice, particularly since Plaintiff's proposed amendments do not join new parties to the action, and do not add new claims to the action, other than a related claim under the NCWHA for unpaid PTO time and benefits. *See* Ex. A, Proposed First Amended Complaint. Instead, Wai Man Tom, the proposed substituted Named Plaintiff, has followed the FLSA's contemplated opt-in mechanism by filing a Consent to Sue form with this Court on February 22, 2017. *See* Dkts. 7, 7-1. Mr. Tom also already appears in the current Complaint, and, along with current Named Plaintiff Brandon Kelly, brought individual claims of unlawful retaliation in his individual capacity, pursuant to 29 U.S.C. § 215, in the Complaint. *See* Dkt. 1 ¶¶ 127-134. Even before these filings, Defendants have been on notice of Mr. Tom's FLSA and NCWHA claims since October, 2016, when the parties first initiated discussions related to this matter. Similarly, the Defendants would experience no prejudice if these amendments are permitted, since Mr. Tom's

6

claims, including unpaid PTO time and benefits, all arise from the same conduct and facts alleged in the original Complaint, and substituting him as a named plaintiff, and including the unpaid PTO time and benefits and retaliation allegations, do not, in any fashion, complicate the claims being litigated. *See* Ex. B. Likewise, the added allegations simply substantiate Plaintiff's current claims, and add one similar claim of unpaid benefits consistent with current, related claims. Additionally, Plaintiff's proposed amendments are not being advanced in bad faith, since Plaintiff is merely proffering these amendments in light of very serious allegations raised by Defendants' counsel, and newly-acquired information relating to unpaid PTO time and benefits, and to, in part, alleviate any concerns held by Defendants,[3] or members of the putative class, as to Plaintiff's adequacy in representing putative collective/class members' interests.

2. *Amending Plaintiff's Complaint is Not Futile.*

The amendments offered by Plaintiff cannot be considered futile. "An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) . . . . However, leave to amend should only be denied based on futility when the proposed amendment is clearly insufficient or frivolous on its face." *Syngenta Crop Prot. v. United States EPA*, 222 F.R.D. 271, 278 (M.D.N.C. 2004) (citing *Johnson*, 785 F.2d at 510, and *Shanks v. Forsyth County Park Auth.*, 869 F. Supp. 1231, 1238 (M.D.N.C. 1994)). Here, Plaintiff's proposed amendments are not futile, since they are neither insufficient nor frivolous, and would survive a motion to dismiss, as they do not alter or

---

[3] Given Plaintiff's efforts to timely address these matters, on May 15, 2017, Plaintiff's counsel forwarded a redlined version of the Proposed First Amended Complaint to Defendants and requested a response by noon on May 17; and specifically, whether Defendants had any objection to Plaintiff filing the Motion as Unopposed. As of the filing of this Motion, Defendants' have not responded. *See* May 4, 2017 Correspondence, attached hereto as Ex. C.

7

diminish Plaintiff's underlying FLSA and NCWHA claims against Defendants. The amendments simply modify who the named plaintiff, and putative representative of the class/collective action, will be in this matter, in addition to adding one similar claim under the NCWHA for unpaid benefits, and an additional FLSA retaliation allegation, further expanding Plaintiff's current claims, in an effort to better advance the merits of this action, as provided above. *See supra.* Plaintiff's additional unpaid PTO time and benefits claims, on their face, are not futile; further recovery for those allegations under the NCWHA, N.C. Gen. Stat. §§ 95-25.6, .7, and .12, is warranted. *See* Ex. B, Redlined Proposed First Amended Complaint. Similarly, substituting the named plaintiff in this action is not futile, as it is merely designed to ensure that named, opt-in, and putative Plaintiffs and R.23 class members' interests are protected and adequately represented.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Motion to for Leave to File his First Amended Complaint.

Respectfully submitted this May 17, 2017

*/s/ Gilda Adriana Hernandez*
Gilda A. Hernandez (NCSB #36812)
Michael B. Cohen (NCSB #50629)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2017, the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT** was served in accordance with the Federal Rules of Civil Procedure on the following:

Arch Y. Stokes
GA Bar No. 683100
astokes@stokeswagner.com
John R. Hunt
jhunt@stokeswagner.com
GA Bar No. 378530
Jordan D. Arkin
jarkin@stokeswagner.com
GA Bar No. 180796
Stokes Wagner, ALC
One Atlantic Center, Suite 2400
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404.766.0076
Facsimile: 404.766.8823

Susanna K. Gibbons
N.C. State Bar No. 9815
sgibbons@poynerspruill.com
Kevin M. Ceglowski
kceglowski@poynerspruill.com
N.C. State Bar No. 35703
Poyner Spruill LLP
301 Fayetteville Street, Suite 1900
Raleigh, NC 27602-01801
Telephone: 919-783-6400
Facsimile: 919-783-1075

*Attorneys for Defendants*

                                              */s/ Gilda Adriana Hernandez*
                                              Gilda A. Hernandez (NCSB No. 36812)

Michael B. Cohen (NCSB No. 50629)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Dr. Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com

*Attorneys for Plaintiff*