IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-98-FL

| | |
|---|---|
| WAI MAN TOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  O R D E R |
| | ) |
| HOSPITALITY VENTURES LLC doing | ) |
| business as Umstead Hotel and Spa; SAS | ) |
| INSTITUTE, INC.; NC CULINARY | ) |
| VENTURES LLC, doing business as An | ) |
| Asian Cuisine, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Defendants' motion to seal. [DE-202]. No response was filed, and the time to do so has expired. For the following reasons, the motion to seal is allowed.

I. **Background**

This is a purported class action case regarding claims that Defendants failed to pay adequate wages and overtime compensation in violation of federal and state laws. The parties entered into a stipulated protective order to govern the production of certain confidential information. [DE-74]. Defendants ask to seal certain exhibits, [DE-195, -196], filed in support of Plaintiff's response to Defendants' motion for protective order. [DE-202]. The motion to seal was filed more than three weeks ago, and no objection has been lodged.

II. **Discussion**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before

sealing publicly-filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Here, Defendants move to seal Exhibits A and B to Plaintiff's response to Defendants' motion for protective order. The exhibits evidence Service Agreements between Defendants NC Culinary Ventures and SAS that were produced pursuant to the protective order and were marked "Attorneys Eyes Only." [DE-195, -196]. These documents are judicial records subject to the right to access because they play a role in the adjudicative process. Because the documents sought to be sealed are judicial records, there is at minimum a common law presumption to access. *In re Application*, 707 F.3d at 291.

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in

access than does the common law. *Id.*; *Rushford*, 846 F.2d at 253. Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53.

Here, the documents were filed in connection with a discovery dispute, and discovery is not historically open to the press and general public, and they play no significant positive role in the functioning of discovery. *See Giri v. Integrated Lab'y Sys., Inc.*, No. 5:17-CV-179-FL, 2019 WL 489104, at *8 (E.D.N.C. Feb. 7, 2019) (applying the common law right to access where documents to be sealed were in relation to a discovery motion). Accordingly, the court finds the common law right to access applies to these documents.

"The mere existence of a First Amendment right to access or a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Rushford*, 846 F.2d at 253 (citation omitted). Where only the common law right of access exists, the presumption to access can be rebutted "if countervailing interests heavily outweigh the public interests in access," and the court considers "the interests advanced by the parties in light of the public interests and the duty of the courts." *Id.* (quoting *Nixon*, 435 U.S. at 602). "To overcome the First Amendment standard, sealing must be 'essential' to preserve important, higher interests," *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, No. 2:17-CV-503, 2019

WL 8108115, at *2 (E.D. Va. Aug. 15, 2019) (citation omitted), and "narrowly tailored to serve that interest," *Rushford*, 846 F.2d at 253. The party seeking to deny access bears the burden. *Id.*

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*. The court must first provide public notice of the request to seal and allow the interested parties a reasonable opportunity to object. 743 F.2d 231, 235–36 (4th Cir. 1984). Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

First, the motions to seal were docketed sufficiently in advance of the court's decision; thus, the public has been provided with notice and an opportunity to object to the motions, and no objection to sealing has been lodged. Next, the court considers whether there are less drastic alternatives to sealing, such as redaction. The court reviewed each proposed sealed document and finds that each contains sensitive and confidential information for which redaction is not feasible. Finally, the court finds that Defendants have overcome the common law right to access in the sealed material. All the proposed sealed documents contain sensitive commercial information that is appropriately sealed. *See Dynatemp Int'l, Inc. v. R421A, LLC*, No. 5:20-CV-142-FL, 2021 WL 3284799, at *13 (E.D.N.C. July 30, 2021) (finding parties' interest in protecting their sensitive commercial information overcame the First Amendment right to access). Accordingly, the motion to seal is allowed.

### III. Conclusion

For the foregoing reasons, Defendants' motion to seal is allowed. The Clerk of Court is

directed to permanently seal Docket Entries 195 and 196.

SO ORDERED, the 2 day of June, 2022.

                                                _____
                                                Robert B. Jones, Jr.
                                                United States Magistrate Judge