IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-98-FL

| | |
|---|---|
| WAI MAN TOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOSPITALITY VENTURES LLC doing | )     O R D E R |
| business as Umstead Hotel and Spa; SAS | ) |
| INSTITUTE, INC.; NC CULINARY | ) |
| VENTURES LLC, doing business as An | ) |
| Asian Cuisine, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's motion to compel and for an award of sanctions, [DE-190]; and Defendants' motion for a protective order, [DE-192], and motion and corrected emergency motion to extend time to complete discovery, [DE-207, -209].[1] The issues have been fully briefed, and the motions are ripe for decision. For the reasons stated below, Plaintiff's motion to compel is denied, Defendants' motion for protective order is allowed, and Defendants' emergency motion to extend time to complete discovery is allowed in part and denied in part.

I.    **Background**

This is a purported class action case regarding claims that Defendants failed to pay adequate wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA").

---

[1] The Clerk of Court shall terminate the motion to extend time to complete discovery, [DE-207], which was superseded by the corrected emergency motion to extend time to complete discovery, [DE-209].

On February 22, 2021, the court filed an Amended Case Management Order ("AMCO"), governing Phase II discovery and setting other case deadlines. [DE-148]. According to the AMCO, "[a]ll discovery" was to be completed by March 29, 2022, and "[f]actual discovery, as opposed to expert discovery" was to be completed on or before November 30, 2021. *Id.* at 3. The parties subsequently filed a motion to extend time to complete fact discovery, which the court granted on October 27, 2021, stating, "the parties shall have through and including December 30, 2021, in which to complete fact discovery in this matter." [DE-172].

On December 17, 2021, Defendants filed a motion for extension of time seeking a 21-day extension of the fact discovery period, through and including, January 20, 2022. [DE-175]. Plaintiff opposed the motion. [DE-177]. The court held a telephonic hearing on the motion and instructed the parties to file a proposed consent order memorializing agreed upon deadlines, if any, by January 18, 2022. [DE-179]. In response to the court's order, the parties filed a joint motion setting out points of agreement and disagreement. [DE-180]. The court issued an order on January 19, 2022, granting Defendants' motion in part. [DE-181]. In its order, the court allowed Defendants to take the deposition of three individuals, no later than February 2, 2022. There were no other extensions of fact discovery; rather, the court addressed other case management deadlines—disclosures and reports from retained experts from Plaintiff by March 15, 2022 and from Defendants by April 15, 2022; disclosures and reports from rebuttal experts by April 29, 2020; and all potentially dispositive motions filed by June 3, 2022. *Id.* at 2. In its order, the court stated that "all discovery shall be commenced or served in time to be completed by May 13, 2022," and included a footnote stating that "although the parties did not propose a new deadline for completion of all discovery, the court has imposed a new deadline based upon the parties' proposed deadlines for expert rebuttal reports and dispositive motions." *Id.* The court left in abeyance its

ruling on Plaintiff's need to respond to outstanding written discovery served on absent Rule 23 class members, directing parties to brief the issue. *Id.*

On March 4, 2022, Plaintiff served notices of deposition for four fact witnesses—Debbie Dewar (in-house legal counsel for SAS Institute, Inc. ("SAS")), Susanna K. Gibbons (counsel for Defendants), Donald Parker (Chief Financial Officer of SAS), and Christopher Byron (head of SAS Tax Department). [DE-191-11]; [DE-198] at 8. Defendants have objected to producing these witnesses for deposition on the basis of privilege and untimeliness. On March 25, 2022, Plaintiff filed his motion to compel. [DE-190]. On April 1, 2022, Defendants filed a motion for protective order. [DE-192]. On April 4, 2022, the undersigned held a telephonic status conference with counsel and instructed the parties to complete briefing on the cross-motions, [DE-194], which the parties did on April 8, 2022, [DE-198, -199].

On April 28, 2022, the court entered a text order in response to Plaintiff's emergency motion to extend the rebuttal expert deadline, [DE-200]. The court granted a one-week extension of the rebuttal expert deadline, as Defendants indicated they consented to the extension of the rebuttal expert deadline on the condition that the expert discovery deadline be extended two weeks. The court thus also allowed the expert discovery deadline to be extended one week, to May 20, 2022. In its most recent order, the court stayed the June 3, 2022 dispositive motions deadline, and referred to the undersigned Defendants' motion and corrected emergency motion to extend time for discovery and the filing of dispositive motions, [DE-207, -209]. [DE-210].

**II. Discussion**

**a. Plaintiff's Motion to Compel & Defendants' Motion for Protective Order**

The general rule regarding the scope of discovery is set forth in Fed. R. Civ. P. 26(b)(1), as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case." "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Under Fed. R. Civ. P. 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet*

*Collection*, 270 F.R.D. at 240 (citation omitted). Accordingly, as the party resisting discovery, it is Defendants' burden to show why discovery should be denied.

Rule 26 further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26 (c)(1)(A), (c)(1)(D).

Plaintiff seeks a motion to compel Defendants to supplement prior document productions with unredacted documents and make available corporate officials and outside counsel for deposition. Plaintiff also seeks an award of sanctions against Defendants. [DE-191] at 7–14.[2] Defendants have responded in opposition, contending that the depositions are untimely and improper, Plaintiff's motion is untimely, the attorney-client privilege precludes the depositions, and Defendants will not rely on the advice of their attorneys to support their good faith defense. [DE-199] at 5–12.

Defendants additionally filed a motion for protective order, pursuant to Fed. R. Civ. P. 26(b)(2)(c) and 26(c), to prevent the requested depositions. Defendants argue that Plaintiff has no justification to require Defendants to produce their attorneys for deposition, and that fact discovery ended on December 30, 2021, months before the notices of deposition were served. [DE-193]. Plaintiff contends Defendants have failed to show the need for a protective order, that attorneys may be required to testify as fact witnesses under the Federal Rules of Civil Procedure, and that Plaintiff timely served all notices of deposition, consistent with the court's AMCO and subsequent orders. [DE-198] at 8–14.

---

[2] The page numbers referenced correspond to the page number in the CM/ECF footer where they differ from the document's internal page number.

In the AMCO the court set the deadline for "all discovery" as March 29, 2022, and stated that "[f]actual discovery, as opposed to expert discovery, shall be completed on or before November 30, 2021." [DE-148] at 3. The court further extended "fact" discovery until December 30, 2021, in response to the parties' joint motion for an extension of time to complete fact discovery. [DE-172]. In the court's January 19, 2022 Order in response to Defendants' request for an extension of time to complete fact discovery, the court allowed Defendants to take depositions of three individuals by February 2, and set the deadline for "all discovery" to be commenced or served in time to be completed by May 13, 2022. [DE-181] at 2. As mentioned above, the court noted, "although the parties did not propose a new deadline for completion of all discovery, the court has imposed a new deadline based upon the parties' proposed deadlines for expert rebuttal reports and dispositive motions." *Id.*

Plaintiff and Defendants acknowledge that the court distinguished between "all" discovery and "factual" discovery in its AMCO. [DE-148] at 3; *see* [DE-193] at 7; [DE-198] at 13. The parties dispute the meaning and scope of the word "all" in the court's order of January 19, 2022. Plaintiff contends the term applies to fact and expert discovery, while Defendants argue that the term applies only to that discovery permitted in the order. The AMCO set the deadline for "all discovery" as March 29, 2022, and stated that "[f]actual discovery, as opposed to expert discovery, shall be completed on or before November 30, 2021." [DE-148] at 3. The court further extended "fact" discovery, until December 30, 2021 in response to the parties' joint motion for an extension of time to complete fact discovery. [DE-172]. In the court's January 19, 2022 Order in response to Defendants' request for an extension of time to complete fact discovery, the court limited additional fact discovery allowing Defendants to take depositions of three individuals by February 2, and set the deadline for "all discovery" to be commenced or serve in time to be completed by

May 13, 2022. Tellingly, the court's April 28 and May 13, 2022 orders state that the "expert discovery" deadline is extended until May 20. *See* Apr. 28, 2022 Text Order; May 13, 2022 Order [DE-206] at 4 n.2. Thus, the court concludes that fact discovery closed on December 30, and Plaintiff's deposition notices and motion were, therefore, untimely.

Plaintiff must demonstrate both good cause to extend the deadlines and excusable neglect for failing to timely seek an extension. Fed. R. Civ. P. 6(b)(1). "When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is an elastic concept, "not limited strictly to omissions caused by circumstances beyond the control of the movant," and courts have discretion to allow late filings even where the delay was the result of inadvertence. *Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation omitted). Whether neglect is excusable is "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission[.]" *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 395). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Id.* at 534. "In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Colony Apts. v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006) (citing *Thompson*, 76 F.3d at 533). The most important factor is the reason for the delay, but merely establishing these factors does not entitle the moving party to relief. *Id.* Instead, "whether to grant an enlargement of time still remains committed to the sound discretion of the district court." *Id.*; *Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR, 2018 WL 3352639 at *4

(E.D.N.C. July 9, 2018) ("[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (*quoting Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Plaintiff argues the requested depositions are warranted because Defendants produced relevant documents at the close of fact discovery, necessitating further investigation to provide context to the productions. [DE-198] at 13–14. However, the deposition notices were not served until March 4, 2022, two months later, and the motion to compel was not filed until March 25, 2022. Aside from pointing to Defendants' production of the service agreements and contracts on December 30, Plaintiff has not offered a rationale for the two-month gap between December 30 and the March 4 service of notices, or for the delay in filing the motion to compel. Plaintiff may have truly thought the deadline was extended for both fact and expert discovery, however that contradicts how the court has distinguished between "all" discovery and "factual" discovery in its AMCO, as Plaintiff and Defendants both acknowledge. [DE-148] at 3; *see* [DE-193] at 7; [DE-198] at 13. Plaintiff does not appear to be acting in bad faith, and it appears from the correspondence between the parties that both sides attempted to resolve the dispute before involving the court. *See* [DE-191-3,]; [DE-191-12]; [DE-191-13]. However, Plaintiff was in receipt of these documents since December 30, 2021, and as Defendants note, Plaintiff was aware of three of the requested four deponents for years, and of the other deponent since November 2021, [DE-199] at 9–10, yet Plaintiff did not serve deposition notices until March. Further, allowing the depositions and fact discovery will likely prejudice Defendants and further delay proceedings in this case. Plaintiff's request to compel Defendants to supplement their prior document productions with unredacted documents is likewise untimely. Defendants responded to Plaintiff's First RFPs on November 29, 2017, and responded to and served responsive documents to Plaintiff's Second

RFPs on November 5 and November 22 of 2021. [DE-199] at 5. There is no justification for Plaintiff's delay in moving to compel the production of unredacted documents. Thus, Plaintiff's motion is denied as untimely.

### b. Defendants' Emergency Motion to Extend Deadlines

Defendants move to extend the deadlines to complete expert discovery to June 3, 2022 and to file all potentially dispositive motions to July 20, 2022. Defs.' Mot. [DE-209] at 2. Defendants contend there is a dispute over whether Defendants are entitled to take the deposition of Plaintiffs' expert witness that justifies extension of the May 20, 2022 expert discovery deadline, and the Absent Class Member discovery deadline of June 20, 2022 falls after the motions deadline of June 3, 3022, such that the motions deadline should be extended to July 20, 2022. *Id.* Additionally, Defendants ask the court to refer the case for court-hosted settlement conference to occur prior to the new motions deadline but no later June 30, 2022. *Id.* at 3.

Plaintiff contends that Defendants' conclusory assertions and lack of analysis as to Defendants' efforts to complete discovery within the established deadlines fail to demonstrate good cause to extend case deadlines. Pl.'s Resp. [DE-211] at 4. Plaintiff also takes issue with Defendants' assertion that there was a disagreement on whether Defendants were entitled to depose Plaintiff's expert. *Id.* According to Plaintiff, the parties cooperatively scheduled the expert's deposition for May 6 and 10, 2022, but Defendants unilaterally cancelled the deposition twice, over the objection of Plaintiff, and made no effort to re-notice the deposition, despite Plaintiff's counsel providing alternative dates. *Id.* at 4–5. Plaintiff alternatively proposes that the court extend all case deadlines to allow the parties to participate in a court-hosted settlement conference and, should the case not settle, Defendants will produce the documents sought in Plaintiff's motion to compel, Plaintiff will take the depositions of the four fact witnesses sought in the motion to

compel, Defendants will depose Plaintiff's expert, and Plaintiff will respond to the Absent Class Member discovery. *Id.* at 5–6.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Wright & Miller, Federal Practice and Procedure § 1522.2 (3d ed. 2010)). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)).

Defendants offer little support for their request to extend the expert discovery deadline. The motion references the parties "recent correspondence to the court," which the undersigned has reviewed. Defendant describes the parties' dispute as one regarding whether Defendants are entitled to take an expert witness deposition. However, the correspondence reveals that Defendants unilaterally cancelled the deposition with little time left in the expert discovery period. Despite both Plaintiff's and Defendants' counsel being present at another expert deposition on May 13 and 16, Defendants made no effort to reschedule or re-notice the deposition at issue here prior to filing the instant motion just one day before the expert discovery deadline. *See* Corresp.

re: Disc. Dispute [DE-208]. Defendants in their motion provide no reason why they could not take the expert's deposition within the time allowed, and, thus, have failed to demonstrate good cause to extend the deadline to complete expert discovery.[3] Accordingly, Defendants' request to extend the expert discovery deadline is denied.

As for Defendants' request to refer the matter for a court-hosted settlement conference, the court finds the case is well-postured for potential settlement and that the conference should take place prior to the filing of dispositive motions to conserve the parties' resources and to allow the parties to focus on settlement efforts. Accordingly, the parties shall participate in a court-hosted settlement conference with Magistrate Judge Gates by no later than **June 30, 2022**. Judge Gates will advise the parties regarding his preferences for the scheduling and conduct of the conference. In order to allow the parties to fully prepare for and to engage in the court-hosted settlement conference, the deadline to file potentially dispositive motions is extended to **July 29, 2022**.

Finally, the court has not adopted Plaintiff's proposal to allow all discovery sought in both Plaintiff's motion to compel and Defendants' motion to extend time, because the parties failed to show good cause to allow the additional discovery. However, this order does not prejudice the parties' ability to reach an agreement on taking further discovery so long as it does not interfere with the deadlines set forth in this order.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to compel is denied, Defendants' motion for protective order is allowed, Defendants' motion to extend deadlines is allowed in part and denied

---

[3] Defendants filed the first motion to extend deadlines on May 19, and filed the corrected emergency motion on May 23. The court gives Defendants the benefit of the earlier filing date to evaluate the corrected emergency motion under only the good cause standard, rather than requiring the additional showing of excusable neglect for motions filed after a deadline has expired, Fed. R. Civ. P. 6(b)(1).

in part, and this matter is referred to Magistrate Judge Gates for court-hosted settlement conference.

So ordered, the __3__ day of June 2022.

_____
Robert B. Jones, Jr.
United States Magistrate Judge